Case 2:20-cr-00041 Document 27 Filed on 10/08/20 in TXSD Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
October 08, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:20-CR-41 |
| | § | |
| ANDRES MANUEL ALVAREZ | § | |

## ORDER DENYING MOTION TO SUPPRESS

Defendant Andres Manuel Alvarez is charged with possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. § 922(g)(1). D.E. 1. Before the Court are Alvarez's Motion to Suppress Evidence (D.E. 18) and the Government's response (D.E. 20). The Court held a hearing on September 23, 2020. For the reasons set forth below, Alvarez's motion is **DENIED.**

## FACTS

On July 15, 2019, the Corpus Christi Police Department ("CCPD"), in conjunction with other law enforcement agencies, conducted a roundup of gang members with outstanding warrants. During this roundup, officers went to specific areas looking for gang members who were known to reside in that area. In one area, the officers were given a description of a subject as being a Hispanic male who had been in the area riding a bicycle with large handlebars. This suspect had successfully evaded the police in the past while riding his bicycle. No information was given as to when the subject was last seen or where in the area he was seen.

Officer Martin Deleon[1] and his partner spotted Alvarez riding a bicycle with large handlebars on the sidewalk. The officers believed that Alvarez matched the description of the subject they were looking for. They also believed, incorrectly, that riding the bike on that sidewalk was a violation of a city ordinance.[2] The officers asked Alvarez to pull over, but he refused. Fearing that Alvarez would escape, the officers pulled their car in front of Alvarez and detained him. During the subsequent pat down, the officers discovered a handgun and ammunition. After placing Alvarez in the back of the police car, Alvarez identified himself and stated that he had an outstanding warrant. The officers determined that Alvarez was not the subject they were looking for, but he did have an outstanding warrant.

At the hearing, Officer Deleon testified for the Government and Brianna Deleon testified for Alvarez. Alvarez submitted four exhibits: a CCPD bodycam video, a Google map photo/screenshot, a picture of Old Robstown Road, and a map. D.E. 26.

## DISCUSSION

In his motion, Alvarez argues that his handgun and ammunition must be suppressed as fruit of the poisonous tree because the officers did not have probable cause for the seizure. D.E. 18. In opposition, the Government argues that the officers had reasonable suspicion for the investigatory stop, pursuant to *Terry v. Ohio*, 392 U.S. 1

---

[1] Officer Deleon has been a police officer with CCPD for 32 years and has been assigned to the gang unit for 28 years.
[2] In its response, the Government argued that there was probable cause to stop Alvarez because he violated a city ordinance. At the end of the hearing, based on evidence presented by the defense to which the Government did not object, this Court determined that Alvarez did not violate the city ordnance. Conceding that there was no violation, the Government argued that the good faith exception to the exclusionary rule applied here. The Court does not reach this argument.

(1968), because Alvarez matched the description of a suspect who had an outstanding warrant.

### A. The Officers Had Reasonable Suspicion for the Investigatory Stop

"[P]olice officers may briefly detain a person for investigative purposes if they can point to specific and articulable facts that give rise to reasonable suspicion that a particular person has committed, is committing, or is about to commit a crime." *United States v. Monsivais*, 848 F.3d 353, 357 (5th Cir. 2017) (internal quotations marks omitted). The detaining officer must "articulate something more than an inchoate and unparticularized suspicion or hunch." *United States v. Sokolow*, 490 U.S. 1, 7 (1989) (internal quotations marks omitted). "While reasonable suspicion is a less demanding standard than probable cause and requires a showing considerably less than preponderance of the evidence, the Fourth Amendment requires at least a minimal level of objective justification for making the stop." *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000) (internal quotations marks omitted).

In determining reasonable suspicion, a court must look to the "totality of the circumstances and the collective knowledge and experience of the officer or officers." *United States v. Estrada*, 459 F.3d 627, 631–32 (5th Cir. 2006). "The government bears the burden of showing the reasonableness of a warrantless search or seizure." *United States v. Jaquez*, 421 F.3d 338, 341 (5th Cir. 2005) (citing *United States v. Chavis*, 48 F.3d 871, 872 (5th Cir. 1995)).

While the case is close, the officers can point to specific and articulable facts that give rise to reasonable suspicion. Alvarez matched the description of the subject who

had an outstanding warrant. He was a Hispanic male, he rode a bicycle with particularly large handlebars, and he was spotted in the area where the subject was known to reside. While each of these factors individually may be insufficient to justify an investigatory stop, collectively, they are not so general as to negate reasonable suspicion. *See United States v. Lawson*, 233 F.App'x 367, 370 (5th Cir. 2007) (indicating that while individual factors may not justify a *Terry* stop, the totality of factors can provide an officer with reasonable suspicion). Thus, under the totality of the circumstances, the officers had reasonable suspicion that Alvarez was the suspect they were looking for.

## CONCLUSION

Because the officers had reasonable suspicion to stop Alvarez, his motion (D.E. 18) is **DENIED.**

ORDERED this 8th day of October, 2020.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE